UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BANK OF AMERICA, N.A.,

        Plaintiff,

   v.

RODOLFO ARRIOLA,

        Defendants.

_____/

Case No. C-12-1652 JCS

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

## I. INTRODUCTION

Plaintiff Bank of America, N.A., ("Plaintiff") initiated this unlawful detainer action on November 21, 2011, in Alameda County Superior Court against Defendant Rodolfo Arriola ("Defendant"). Defendant removed the case to federal court based upon federal question jurisdiction. Plaintiff now brings a Motion to Remand ("the Motion"). Defendant has filed no opposition to the Motion. The Court finds that the motion is suitable for disposition without oral argument pursuant to Local Rule 7-1(b). Accordingly, the hearing on the motions set for Friday, June 15, 2012 at 9:30 a.m. is VACATED.

For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. The Complaint

In the Complaint, Plaintiff alleges that it purchased property known as 32379 Regents Boulevard, Union City, CA 94587 at a trust deed foreclosure sale on June 28, 2011. Complaint, ¶ 1. The sale was a result of the default under a deed of trust secured by the property, which was owned by Defendant Rodolfo Arriola. *Id.* Title was perfected on July 26, 2011. *Id.* Plaintiff alleges that Defendant remains in possession of the property. *Id.* ¶ 2. Plaintiff alleges that the fair market rental value of the property is estimated to be $50.00 per day. *Id.* at ¶ 8.

After the Defendant failed to deliver possession of the property in a timely manner (on August 9, 2011, after expiration of the three-day notice to quit), Plaintiff filed suit in Alameda County Superior Court on November 21, 2011. The Complaint contains a single state cause of action for unlawful detainer. On the face of the Complaint the Plaintiff indicates that the demand is "under $10,000." Plaintiff seeks damages in the amount of $50.00 per day from the expiration of the 3-day notice period for the Defendant's continued unlawful possession. *Id.* at ¶ 8.

### B. Defendant's Notice of Removal

On April 3, 2012, Defendant removed this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1651. Defendant's Notice of Removal ("Removal Notice"), 1. Defendant asserts the Court has jurisdiction based on federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at 2. Defendant asserts that he filed a demurrer in state court based upon "a defective notice, *i.e.*, the Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]." *Id.*, 3. Defendant further asserts that federal question jurisdiction exists because "Defendant's demurrer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id.*

### C. Plaintiff's Motion to Remand

On May 8, 2012, Plaintiff filed the present Motion to Remand. In the Motion, Plaintiff argues that Defendant removed this action to federal court three days before trial, April 3, 2012 "solely to harass Bank of America . . . and to further delay its possession of the Property." Motion

to Remand at 5. Plaintiff argues that the action must be remanded to state court because the case could not have been filed in federal court originally. Motion at 6-7. The Complaint does not contain any federal claims, and Plaintiff argues that the determination of whether a claim "arises under" federal law is based upon the allegations of the complaint, not counterclaims or defenses. Motion at 7.

## IV. ANALYSIS

### A. Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction is found only where a federal question appears on the face of a properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of his claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance upon state law. *Id.* Further, whether a case arises under federal law does not depend upon matters raised in the answer or in counterclaims. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000. When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

### B.  Whether There is Federal Question Jurisdiction

Plaintiff asserts a single state law claim for unlawful detainer under California Civil Code Section 1161 *et seq*. A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in accordance with California Civil Code section 2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure Section 1161a. *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal., January 21, 2011) (citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 168 (1977).

Thus, an unlawful detainer claim such as the one asserted by Bank of America here does not raise a federal question. *See Litton*, 2011 WL 204322, at *2 (remanding unlawful detainer action to state court based, in part, on lack of federal question jurisdiction).

Defenses and/or counterclaims based upon violations of federal law do not provide a basis for federal subject matter jurisdiction. As discussed above, the well-pleaded complaint rule does not allow courts to consider affirmative defenses or counterclaims in determining whether federal question jurisdiction exists. Moreover, counterclaims are not permitted in unlawful detainer actions due to the limited scope of those proceedings. *Knowles v. Robinson*, 60 Cal.2d 620, 625 (1963). California courts have explained that parties challenging issues of title that cannot be litigated in an unlawful detainer proceeding may "seek relief by way of separate actions to quiet title or for specific performance." *Evans*, 67 Cal.App.3d at 170. Judgment in an unlawful detainer action does not bar such separate actions. *Id*. at 171.

Accordingly, Defendant's argument in his Notice of Removal that the Notice to Vacate the Premises was defective under federal law does not provide a basis for federal subject matter jurisdiction.

4

### C. Whether There is Diversity Jurisdiction

Although no opposition to the Motion to Remand was filed by the Defendant, and there is no argument regarding the existence of diversity jurisdiction here, the Court notes that diversity jurisdiction does not exist in this case. The amount in controversy in this matter is less than $75,000. In unlawful detainer actions, "the right to possession alone [is] involved – not title to the property." *Litton*, 2011 WL 204322, at *2 (quotations omitted). Therefore, damages are limited to the rental value of the property during the period of unlawful possession. *Id.* Plaintiff has asserted that the rental value of the property during the period of unlawful possession is less than $10,000. Thus, the amount in controversy is less than $75,000 and no diversity jurisdiction exists.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand. Accordingly, the Court REMANDS the case to Alameda County Superior Court.

IT IS SO ORDERED.

Dated: June 4, 2012

JOSEPH C. SPERO
United States Magistrate Judge